UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-------------------------------------------------------X
In re:

                                  Chapter 11

AHMAD SALEHZADEH,                  Case No. 14-22666 (RDD)

              Debtor.
-------------------------------------------------------X

## FINAL APPLICATION OF GENOVA & MALIN
## ATTORNEYS FOR THE DEBTOR
## FOR ALLOWANCE OF COMPENSATION

**TO THE HONORABLE ROBERT D. DRAIN, U.S. BANKRUPTCY JUDGE:**

The application of GENOVA & MALIN, attorneys for the debtor, respectfully

represents:

## GENERAL BACKGROUND

1.      On May 14, 2014, AHMAD SALEHZADEH, ("the debtor"), filed a petition in

this Court for relief pursuant to Chapter 11 of the Bankruptcy Code.

2.      Pursuant to an Order of this Court, dated June 11, 2014, your applicant was

authorized to act as attorney for the debtor.

## APPLICATION FOR FEES

3.      This application is made by GENOVA & MALIN for an allowance of

compensation for professional services rendered to and on behalf of the debtor during the period

beginning May 1, 2014 and ending May 4, 2015, for reimbursement of actual and necessary

costs and expenses incurred in connection with the rendition of such services and for

professional services.

4.      Your applicant has acted as legal counsel to the debtor and has performed all of

the necessary professional legal services in connection therewith.  GENOVA & MALIN

regularly maintains records of time expended in the rendition of such services and the costs and

expenses incurred.   The entries in such records were made in the ordinary course of GENOVA

& MALIN's business, concurrently with the rendition of such services and the incurring of such

costs and expenses. A copy of the Rule 2016(b) Statement filed in this case is attached hereto as

Exhibit "A".  A copy of the Retainer Agreement is annexed hereto and made a part hereof as

Exhibit "B".  A summary of the time records and disbursements sheets is annexed hereto and

made a part hereof as Exhibit "C".  Some of the areas in which your applicant has rendered

professional legal services to and on behalf of the debtors are set forth in the following summary.

## ALLOWANCE OF COMPENSATION

5.   The allowance of compensation to estate professionals is governed by Section

330(a)(1)(A) of the Bankruptcy Code, which authorizes courts to award "reasonable

compensation for actual, necessary services rendered."   Section 330(a)(3) provides guidance for

determining whether compensation is reasonable, pointing out that courts should:

> consider the nature, the extent, and the value of such services,
> taking into account all relevant factors, including - (A) the time
> spent on such services; (B) the rate charged for such services; (C)
> whether the services were necessary to the administration of, or
> beneficial at the time which the service was rendered toward the
> completion of a case under this title; (D) whether the services were
> performed within a reasonable amount of time commensurate with
> the complexity, importance, and nature of the problem, issue, or
> task addressed; (E) with respect to a professional person, whether
> the person is board certified or otherwise has demonstrated skill
> and experience in the bankruptcy field; and (F) whether the
> compensation is reasonable based on the customary compensation
> charged by comparably skilled practitioners in cases other than
> cases under this title.

The congressional policy expressed above provides for adequate compensation in order to

continue to attract qualified and competent professionals to bankruptcy cases.  In re Drexel

Burnham Lambert Group, Inc., 133 B.R. 13, 18 (B.Ct.S.D.N.Y. 1991) ("Congress' objective in

requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy

cases were staffed by appropriate legal specialists."). GENOVA & MALIN respectfully submits that consideration of these factors should result in the Court's allowance of the full amount of compensation sought.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

**CASE ADMINISTRATION / MEETING OF CREDITORS** (38.35 hours; $8,415.00)

6.  On May 14, 2014, the debtor's Chapter 11 petition and supporting schedules were filed.

7.  On June 25, 2014, the debtor's Section 341 Meeting of Creditors was held.

8.  Since the filing of the petition, the debtor has filed monthly operating reports in accordance with the guidelines established by the United States Trustee's Office.

9.  Additionally, due to the complexity of the debtor's case, the debtor and counsel have had numerous office conferences regarding the status and issues arising in the debtor's case.

**MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY** (13.4 hours; $3,765.00)

10.  On May 22, 2014, Subway Real Estate Corp. filed a Motion seeking relief from the automatic stay regarding the debtor's three (3) subleases of commercial real property in Hartsdale, White Plains, and Elmsford. On June 20, 2014, the debtor filed Opposition to Subway Real Estate Corp.'s Motion. On June 26, 2014, Subway Real Estate Corp. filed a Memorandum of Law in reply to the debtor's Opposition. After hearing held on June 30, 2014, on July 10, 2014, the Orders denying Subway Real Estate Corp.'s Motion as to the Hartsdale, White Plains, and Elmsford subleases were entered by this Court.

11.  On May 30, 2014, Doctor's Associates, Inc. filed a Motion seeking relief from the automatic stay regarding the debtor's franchise agreement for a Subway sandwich shop in

Hartsdale, New York.   On June 20, 2014, the debtor filed Opposition to Doctor's Associates, Inc.'s Motion.  On June 26, 2014, Doctor's Associates, Inc. filed a Memorandum of Law in reply to the debtor's Opposition.  After hearing held on June 30, 2014, on July 10, 2014, the Order granting Doctor's Associates, Inc.'s Motion for relief from the automatic stay was entered by this Court.

### CLAIMS ADMINISTRATION (3.1 hours; $590.00)

11.    On July 7, 2014, the debtor filed a Motion to Set Last Day to File Claims in his case.

12.    On July 17, 2014, this Court entered an Order setting the last day to file claims as September 15, 2014.  On July 18, 2014, an affidavit of service of the Notice of the Last Day to File Claims was filed with this Court.

### ASSET DISPOSITION / LEASE ASSUMPTIONS (34.1 hours; $8,195.00)

13.    On August 26, 2014, the debtor filed a Motion to Assume the unexpired sublease with Subway Real Estate Corp. of commercial real property located at 6 E. Main Street, Hartsdale, New York pursuant to 11 U.S.C. §365(d)(4).  On September 25, 2014, the Order Granting the debtor's Motion for Assumption of the unexpired Sublease of real property located at 6 E. Main Street, Hartsdale, New York was entered by this Court.

14.    On September 4, 2014, the debtor filed a Motion to Assume the franchise agreements with Doctor's Associates, Inc. for Subway Shop #33547 and #45244.  On September 16, 2014, Doctor's Associates, Inc. filed an Objection to the Motion regarding Subway Shop #33547.  On October 2, 2014, the Order granting the debtor's Motion regarding Subway Shop #45244 was entered by this Court.

15.     On September 4, 2014, the debtor filed a Motion to Assume the unexpired sublease with Subway Real Estate Corp. of commercial real property located at 620 N. Broadway, White Plains, New York pursuant to 11 U.S.C. §365(d)(4).  On September 16, 2014, Subway Real Estate Corp. filed an Objection to the debtor's Motion to Assume the sublease.  On October 23, 2014, the debtor's filed a Response to Subway Real Estate Corp.'s Objection.

16.     On September 11, 2014, the debtor filed a Motion to Assume the franchise agreements with Doctor's Associates, Inc. for Subway Shops #27720 and #29902.  On September 26, 2014, Doctor's Associates, Inc. filed an Objection to the Motion regarding Subway Shops #27720 and #29902.  On October 23, 2014, the debtor filed a Response to Doctor's Associates Inc.'s Objections to the Motion to Assume the franchise agreements.

17.     On September 11, 2014, the debtor filed a Motion to Assume the unexpired sublease with Subway Real Estate Corp. of commercial real property located at 65 N. Central Avenue, Hartsdale, New York pursuant to 11 U.S.C. §365(d)(4).  On September 26, 2014, Subway Real Estate Corp. filed an Objection to the debtor's Motion to Assume the sublease.  On October 23, 2014, the debtor's filed a Response to Subway Real Estate Corp.'s Objection.

18.      On September 11, 2014, the debtor filed a Motion to Assume the unexpired sublease with Subway Real Estate Corp. of commercial real property located at190-192 Saw Mill River Road, Elmsford, New York pursuant to 11 U.S.C. §365(d)(4).  On October 14, 2014, the Order granting debtor's Motion to Assume Sublease was entered by this Court.

19.     A hearing was held on November 25, 2014 wherein the Court granted the debtor's Motions to Assume the subleases and franchise agreements, conditioned upon the debtor curing the pre- and post-petition amounts due and owing to Doctor's Associates, Inc. and Subway Real Estate Corp.  On January 30, 2015, the debtor filed Notices of Settlement of proposed Orders.

20.     On February 17, 2015, the Order Granting Assumption of the three (3) franchise agreements was entered by this Court.  On March 9, 2015, the Order Granting Debtor's Motion to Assume the Sublease (regarding commercial real property located at 65 North Central Avenue, Hartsdale, New York) was entered by this Court.  On March 19, 2015, the Order Granting Debtor's Motion to Assume the Sublease (regarding commercial real property located at 620 N. Broadway, White Plains, New York) was entered by this Court.

**FEE APPLICATION** (3.7 hours; $935.00)

21.   The time spent on the Fee Application includes, without limitation: time spent (i) reviewing monthly billing reports; (ii) preparing the Fee Application; (iii) copying the Fee Application; (iv) serving the Fee Application;  and (v) filing the Fee Application on the Court's ECF System.

22.     The services rendered by GENOVA & MALIN during the Final Fee Application Period can be grouped into the following categories:

| Service Category | Hours | Fees |
| --- | --- | --- |
| Case Administration / Meeting of Creditors | 38.35 | $8,415.00 |
| Motions for Relief from Stay | 13.4 | $3,765.00 |
| Claims Administration | 3.1 | $590.00 |
| Asset Disposition / Lease Assumption | 34.1 | $8,195.00 |
| Fee Application | 3.7 | $935.00 |
| **TOTAL** | 92.65 | **$21,900.00** |

23.   Accordingly, your applicant has expended 21.1 hours of partner time, 34.8 hours of associate time, 6.65 hours of senior paralegal time and 30.1 hours of  paralegal time from May 1,

2014 through May 5, 2015, in the rendition of its services to the debtor.  The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter.  The following is a brief description of the experience and background of your applicant:

**THOMAS GENOVA:** Mr. Genova has been practicing law in excess of thirty-two (32) years.  He has specialized in bankruptcy and reorganization cases as an attorney for debtors, creditors, creditors' committees, and as trustee in bankruptcy.  He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the New York State Bar Association Programs on Bankruptcy in 1994 and 1995; Eighth Annual Bankruptcy Law Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Bankruptcy, 1991; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Basic Bankruptcy in New York, 1993; National Business Institute Program on Foreclosures and Repossession, 1993; and National Business Institute Program on Fundamentals of Bankruptcy Law, 1994.  He is a member of the Orange County Bar Association, Dutchess County Bar Association, New York State Bar Association, American Bar Association, National Association of Bankruptcy Trustees; and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

**ANDREA B. MALIN:**  Ms. Malin has been practicing law in excess of twenty-three (23) years.  She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys.  She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar

Association for two (2) consecutive years.

| Attorney | Position of Applicant | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Genova, Thomas | Partner | 1983 | $400.00 | 2.2 | $880.00 |
| Malin, Andrea | Partner | 1991 | $400.00 | 18.9 | $7,560.00 |
| Trier, Michelle | Associate | 2011 | $250.00 | 34.8 | $8,700.00 |
| Total | | | | 55.9 | $17,140.00 |
| Blended Rate | | | | **$306.62** | |

| Paraprofessional | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Collins, Kendra | Legal Assistant | $125.00 | 30.1 | $3,762.50 |
| Fitzgerald, Erina | Legal Assistant | $150.00 | 6.65 | $997.50 |
| Totals for paraprofessionals | | | 36.75 | $4,760.00 |
| TOTAL | | | 92.65 | $21,900.00 |
| Total Blended Rate | | | **$236.37** | |

24. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

## EXPENSES

25. In addition to the foregoing, your applicant seeks reimbursement for the actual

and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of

professional services as aforesaid, as follows:

| Expense Category | Amount |
|---|---|
| Copy Costs     (1,873 @ .10) | $187.30 |
| Postage | $130.02 |
| Title Search | $250.00 |
| Filing fee | $1,213.00 |
| Publication fee | $514.00 |
| **TOTAL** | **$2,294.32** |

## COMPLIANCE WITH GUIDELINES

26.      GENOVA & MALIN believes that this Application substantially complies with

the Guidelines.  To the extent there has not been material compliance with any particular rule or

guideline, GENOVA & MALIN respectfully requests a waiver or opportunity to cure.

27.      No previous allowance has been made to your applicant for the services rendered

as hereinafter set forth and no previous application has been made therefor to this Court, or any

other court, for compensation.  Your applicant has not, in any form or guise, shared or agreed to

share compensation to be received by it or any other person for services rendered in connection

with this matter.  No agreement or understanding prohibited by 18 U.S.C. §155 has been made

by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order

allowing it compensation in the aggregate amount of $21,900.00 for professional services

rendered and to be rendered by GENOVA & MALIN, allowing reimbursement for its necessary

costs and expenses in the aggregate amount of $2,294.32, incurred in connection with the

rendition of said services; and granting to your applicant such other and further relief as to this

Court may seem just and proper.

Dated: Wappingers Falls, New York
May 6, 2015

GENOVA & MALIN

By:     /s/ Andrea B. Malin
      ANDREA B. MALIN (AM4424)
      Hampton Business Center
      1136 Route 9
      Wappingers Falls, NY  12590